UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN STUTTS, ) | |
|       PLAINTIFF, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CDM MEDIA USA, INC. d/b/a ) | |
| CDM MEDIA, INC., ) | |
|       DEFENDANT. ) | |

## COMPLAINT

NOW COMES, Plaintiff ALAN STUTTS ("Plaintiff"), by through his attorneys, Kreitman Law, LLC, with his Complaint against Defendant CDM MEDIA USA, INC. d/b/a CDM MEDIA, INC., ("Defendant") and states as follows:

## NATURE OF CASE

1. This lawsuit arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, *et seq.*, for Defendant's pay discrimination against Plaintiff and constructive discharge of Plaintiff's employment because of his age.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's ADEA claim pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's Illinois Human Rights Act ("IHRA") claim and Plaintiff's Illinois Wage Payment and Collection Act ("IWPCA") pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

3. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

4. On July 30, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission/Illinois Department of Human Rights ("EEOC/IDHR"), Alan Stutts v. CDM MEDIA USA, INC. d/b/a CDM MEDIA INC., EEOC #440-2021-05770 IDHR CR#220816.014, related to pay discrimination and constructive discharge on the bases of age discrimination and retaliation for protected activity related to complaining of age discrimination activity.

5. This suit is timely as more than 60 days have elapsed since the filing of the Charge with the EEOC/IDHR. 29 U.S.C. § 633(b).

6. The EEOC issued the Notice of Right to Sue ("NTRS") letter to Plaintiff on April 19, 2022. Plaintiff forwarded this letter to the IDHR the same day requesting the IDHR to adopt the findings of the EEOC.

7. Plaintiff has timely filed this matter within 90 days of receipt of the NTRS letter and satisfied all administrative prerequisites to bringing this matter before this Court.

**PARTIES**

8. At all times material to this Complaint Plaintiff was a citizen of the United States and the State of Illinois and resides in this judicial district.

9. Plaintiff's birth year is 1948.

10. At all times material to this Complaint Defendant had actual and/or constructive knowledge of Plaintiff's age.

11. At all times material to this Complaint, Defendant owned and/or operated and/or managed and/or maintained a sales business out of an office located at 20 West Kinzie Street, Suite 1400, Chicago, IL 60654.

12. At all times material to this Complaint, Defendant employed 20 or more employees in Illinois for each working day in each of twenty or more calendar weeks in the current and/or preceding calendar year.

## FACTUAL ALLEGATIONS

13. On or about September 2018, Plaintiff began employment with Defendant with a compensation package including a base annual salary of $42,500.00 supplemented by performance based incentives and commissions.

14. Prior to his constructive discharge on February 2, 2021, Plaintiff was employed by Defendant as a Director of Relationship Management.

15. At all times material to this Complaint, Plaintiff met or exceeded the legitimate employment expectations of Defendant and was qualified for the position of Director of Relationship Management.

16. Over the course of 2019, several employees similarly situated to, but substantially younger than the Plaintiff received increases in their base salary from Defendant despite being less productive than Plaintiff.

17. Plaintiff did not receive an increase to his base salary in 2019, because of his age.

18. On or about January 2020, several employees similarly situated to, but younger than the Plaintiff received base salary increases from Defendant that brought their base salaries higher than Plaintiff.

19. One such similarly situated employee to Plaintiff, who was substantially younger than Plaintiff, received a base salary increase of approximately $17,000.00 dollars in January 2020, which brought that employee's base salary to approximately $50,000.00.

20. On or about March 2020, Defendant hired several new employees, similarly situated to, but substantially younger than Plaintiff, in Plaintiff's department at higher base salaries than that paid by Defendant to Plaintiff.

21. Plaintiff did not receive an increase to his base salary until July 2020.

22. On or about July 2020, Plaintiff received a base salary increase of $8,000.00, which was not retroactive to January of 2020.

23. Plaintiff received a smaller and delayed salary increase from Defendant because of his age.

24. Plaintiff finished 2020 with the highest sales performance in his division.

25. Plaintiff earned an annual performance incentive of $10,000.00 which Defendant had committed to paying by January 31, 2021.

26. Plaintiff had satisfied all requirements of this $10,000.00 2020 annual performance incentive.

27. In 2020, Plaintiff had repeatedly requested Defendant's management for additional base salary increases to match his younger similarly situated coworkers and was repeatedly denied by Defendant.

28. In January 2021, Plaintiff earned commissions of approximately $2,000.00.

29. In January 2021, Plaintiff again asked Defendant's management for an increase in his base salary comparable with younger employees and was denied.

30. On February 2, 2021, Plaintiff was constructively discharged, and resigned due to inequitable treatment in salary compared to younger employees due to his age.

31. Defendant replaced Plaintiff with a substantially younger employee.

32. Defendant has refused to pay the $5,000.00 in remaining 2020 incentive compensation and approximately $2,000.00 in January 2021 commissions.

33. Defendant paid in full employees similarly situated to Plaintiff, but substantially younger than Plaintiff for the 2020 annual incentive compensation and/or January 2021 commissions.

34. Plaintiff has repeatedly requested in writing payment of the $7,000.00 of unpaid final compensation from Defendant and Defendant has refused.

35. At the time of Plaintiff's constructive discharge, Plaintiff subjectively found his working environment intolerable due to his disparate treatment because of his age in pay, and the fact that Defendant had ignored and refused his multiple requests to remedy the age discrimination.

36. At the time of Plaintiff's constructive discharge, Plaintiff's work environment was objectively intolerable due to his disparate treatment because of his age in pay, and the fact that Defendant had ignored and refused his multiple requests to remedy the age discrimination.

37. The allegations set forth herein are not exhaustive recitation of the wrongful conduct of Defendant towards Plaintiff and were drafted by counsel.

### COUNT I
### Age Discrimination (Disparate Treatment) in Violation Of The ADEA, 29 U.S.C. § 623(A)(1)
### Plaintiff v. Defendant

1-37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-37 of this Complaint as if fully set forth herein this Paragraph of Count I.

38. At all times material to this Complaint, Defendant was an "employer" of Plaintiff within the meaning of 29 U.S.C. § 630(b).

5

39. At all times material to this Complaint, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 630(f).

40. At all times material to this Complaint, age was not a bona fide occupational qualification reasonably necessary for Plaintiff's position with Defendant.

41. As Plaintiff was born in 1948, he was a member of the protected class within the meaning of 29 U.S.C. § 631(a).

42. Employees similarly situated to Plaintiff and substantially younger and/or under the age of 40 were treated more favorably than Plaintiff because of their younger age in terms of base salary pay and/or base salary pay increases in 2019, 2020 and 2021.

43. Plaintiff suffered discrete incidents of age discrimination with each paycheck that was based on the disparate treatment because of Plaintiff's age in base salary for each pay period within the applicable ADEA statutory period.

44. Employees similarly situated to Plaintiff and substantially younger and/or under the age of 40 were treated more favorably than Plaintiff because of their younger age in terms of payment of the 2020 annual incentive and January 2021 commissions.

45. Employees similarly situated to Plaintiff and substantially younger and/or under the age of 40 were treated more favorably than Plaintiff because of their younger age in that they were not subject to a subjectively perceived and objectively intolerable work environment on the basis of unlawful age discrimination.

46. Plaintiff was constructively discharged on February 2, 2021, because of this subjectively perceived and objectively intolerable work environment on the basis of unlawful age discrimination that Defendant refused to readdress after Plaintiff's multiple complaints.

47. As a result of Plaintiff's constructive discharge on February 2, 2021, he suffered lost wages and other pecuniary damages has incurred attorney's fees and costs in this matter.

48. Plaintiff suffered the above disparate treatment because of his age in violation of the ADEA, 29 U.S.C. § 623(a)(1).

49. Defendant's age discrimination against Plaintiff in violation of the ADEA was willful and intentional and merits the imposition of liquidated damages.

50. As a result of the age discrimination in violation of the ADEA described herein, Plaintiff has suffered pecuniary damages, including loss of income and benefits, lost income for each pay period within the applicable pay period, $5,000.00 in unpaid 2020 annual incentive payment, $2,000.00 in unpaid January 2021 commissions and has incurred attorneys' fees and costs in this matter.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for the following:

a) Award Plaintiff an amount equal to his lost income, including backpay;

b) Award Plaintiff front pay;

c) Award Plaintiff liquidated damages in an amount equal to his lost income and front pay;

d) Award Plaintiff prejudgment and post-judgment interest;

e) Award Plaintiff her reasonable attorney's fees and costs; and

f) Whatever other relief this Court deems just and necessary.

## COUNT II
**Age Discrimination (Disparate Treatment) in Violation of the IHRA, 775 ILCS 5,** *et seq.*
**Plaintiff v. Defendant**

1-37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-37 of this Complaint as if fully set forth herein this Paragraph of Count II.

38. At all times material to this Complaint, Defendant was an "employer" of Plaintiff within the meaning of 775 ILCS 5/2-101(B).

39. At all times material to this Complaint, Plaintiff was an employee of Defendant within the meaning of 775 ILCS 5/2-101(A).

40. At all times material to this Complaint, age was not a bona fide occupational qualification reasonably necessary for Plaintiff's position.

41. As Plaintiff was born in 1948, he was a member of the protected class due to his age within the meaning of 775 ILCS 5/1-103.

42. Employees similarly situated to Plaintiff and substantially younger and/or under the age of 40 were treated more favorably than Plaintiff because of their younger age in terms of base salary pay and/or base salary pay increases in 2019, 2020 and 2021.

43. Plaintiff suffered discrete incidents of age discrimination with each paycheck that was based on the disparate treatment because of Plaintiff's age in base salary for each pay period within the applicable ADEA statutory period.

44. Employees similarly situated to Plaintiff and substantially younger and/or under the age of 40 were treated more favorably than Plaintiff because of their younger age in terms of payment of the 2020 annual incentive and January 2021 commissions.

45. Employees similarly situated to Plaintiff and substantially younger and/or under the age of 40 were treated more favorably than Plaintiff because of their younger age in that they were

not subject to a subjectively perceived and objectively intolerable work environment on the basis of unlawful age discrimination.

46. Plaintiff was constructively discharged on February 2, 2021, because of this subjectively perceived and objectively intolerable work environment on the basis of unlawful age discrimination that Defendant refused to readdress after Plaintiff's multiple complaints.

47. As a result of Plaintiff's constructive discharge on February 2, 2021, he suffered lost wages and other pecuniary damages has incurred attorney's fees and costs in this matter.

48. Plaintiff suffered the above disparate treatment because of his age in violation of the violation of the IHRA, 775 ILCS 5/2-102.

49. As a result of the age discrimination in violation of the IHRA described herein, Plaintiff has suffered pecuniary damages, including loss of income and benefits, lost income for each pay period within the applicable pay period, $5,000.00 in unpaid 2020 annual incentive payment, $2,000.00 in unpaid January 2021 commissions, has suffered non-pecuniary damages including emotional distress and loss of reputation and has incurred attorneys' fees and costs in this matter.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant for the following:

   a) Award Plaintiff lost income and front pay;

   b) Award Plaintiff compensatory damages an amount equal to make him whole;

   c) Award Plaintiff prejudgment and post-judgment interest;

   d) Award Plaintiff his reasonable attorney's fees and costs; and

   e) Whatever other relief this Court deems just and necessary.

## COUNT III
## FAILURE TO PAY FINAL COMPENSATION IN VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT ("IWPCA"), 820 ILCS 115, *et seq.*
## Plaintiff v. Defendant

1-37. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-37 of this Complaint above as if fully set forth herein this Paragraph of Count III.

38. At all times material to this Complaint, Defendant was an employer of the Plaintiff within the meaning of the IWPCA, 820 ILCS 115/2.

39. At all times material to this Complaint, Plaintiff was an employee of Defendant within the meaning of the IWPCA, 820 ILCS 115/2.

40. The 2020 annual incentive in the approximate amount of $10,000.00 earned by Plaintiff for satisfying and/or exceeding performance targets was intended to induce performance by Plaintiff and was based upon Plaintiff's efforts constituted wages to be paid by Defendant within the meaning of the IWPCA, 820 ILCS 115/2.

41. The January 2021 commissions earned in the approximate amount of $2,000.00 by Plaintiff for satisfying and/or exceeding performance targets was intended to induce performance by Plaintiff and was based upon Plaintiff's efforts constituted wages to be paid by Defendant within the meaning of the IWPCA, 820 ILCS 115/2.

42. The Defendant was required to pay the remaining $5,000.00 of the 2020 annual incentive pay and the $2,000.00 in January 2021 commissions no later than at the time of Plaintiff's final compensation.

43. Under the IWPCA, 820 ILCS 115/5, Defendant was required to pay Plaintiff his final compensation, including the remaining $5,000.00 of the 2020 annual incentive pay and the $2,000.00 in January 2021 commissions at the time of separation, or at the next regularly scheduled pay day.

44. Defendants violated Section 5 of the IWPCA by failing to pay Plaintiff the remaining $5,000.00 of the 2020 annual incentive pay and the $2,000.00 in January 2021 commissions as part of his final compensation.

45. Because of Defendants' willful violation of the IWPCA, Plaintiff has been damaged in that he has not received final compensation due and owing pursuant to the IWPCA.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant, for the following:

a) Actual damages in the amount of $7,000.00;

b) 5% of the amount of underpayments for each month following the date of payment during which such underpayment of the final compensation remains unpaid pursuant to 820 ILCS 115/14;

c) Reasonable attorneys' fees and costs of this action pursuant to 820 ILCS 105/14; and

d) Such other relief as this Court deems necessary and just.

JURY TRIAL DEMANDED ON ALL COUNTS PERMITTED BY LAW.

Respectfully submitted,

KREITMAN LAW, LLC


By: __/s/ Nicholas Kreitman
     Nicholas Kreitman
     Plaintiff's Attorney

Nicholas Kreitman
Kreitman Law, LLC
#6313283
22 W. Washington St., 15th Floor
Chicago, Illinois 60602
(847) 970-0575
njk@kreitmanlaw.com

11